**F I L E D**

**UNITED STATES COURT OF APPEALS**

MAR 26 2002

**TENTH CIRCUIT**

HENRY J. DAVIS,

     Petitioner - Appellant,

v.

    No. 01-7036
    (No. 00-CV-203-S)
    (E.D. Oklahoma)

BOBBY BOONE, Warden,

     Respondent - Appellee.

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

Pro se petitioner Henry J. Davis, an Oklahoma state prisoner, seeks to appeal the district court's denial of his Fed. R. Civ. P. 60(b) motion for leave to reopen his dismissed 28 U.S.C. § 2241 petition for a writ of habeas corpus. We deny a certificate of appealability and dismiss.

In his § 2241 petition, Davis seeks relief on the basis that his sentence violates international treaties, the orders in Battle v. Anderson, 708 F.2d 523

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(10th Cir. 1983), 42 U.S.C. § 1981, and various provisions of the United States Constitution. On October 31, 2000, his petition was dismissed for failure to exhaust state court remedies. On January 5, 2001, the district court denied a timely-filed Fed. R. Civ. P. 59(e) motion for rehearing. Because the motion tolled the thirty-day period for filing a notice of appeal, see Fed. R. App. P. 4(a)(4)(A)(iv)–(v), Davis had until February 5 to appeal the district court's dismissal of his § 2241 petition.[1] This he did not do.

Instead, on February 16, 2001, Davis filed a motion under Fed. R. Civ. P. 60(b) seeking leave to reopen. The district court denied that motion on February 22, 2001, and Davis filed his notice of appeal on February 28, 2001. Under these circumstances, petitioner's "appeal from the denial of the [Rule 60(b)] motion raises for review only the district court's order of denial and not the underlying judgment itself." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

In order to grant a certificate of appealability, we must conclude that Davis "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoners must obtain a certificate of appealability to appeal denials of 28 U.S.C. § 2241 petitions). Davis fails to make such a

_____

[1] See also Fed. R. App. P. 26(a)(3).

showing. "We review a lower court's grant or denial of a Rule 60(b) motion for abuse of discretion." Plotner v. AT&T Corp., 224 F.3d 1161, 1174 (10th Cir. 2000). We have held that a district court has "substantial discretion" in considering Fed. R. Civ. P. 60(b) motions, and that "we will reverse the district court's determination only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." Id. (quotation omitted).

In his Rule 60(b) motion, Davis broadly alleged that his failure to exhaust state remedies should be ignored because all state remedies were inadequate. The motion falls short of meeting Davis's "burden of showing that he has exhausted available state remedies," or of "affirmatively show[ing] that resort to them would be useless." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). Consequently, the district court did not abuse its discretion in denying the motion.

Davis's application for a certificate of appealability is **DENIED**, and this matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-3-